Rafael Gallegos, Appellee, v. The Aetna Life Insurance Company et al., Appellees.
Appeal of Alejandra Cruz, Appellant.

Gen. No. 39,192.

124

Opinion filed October 20, 1937.

HUBBARD, BAKER & RICE, of Chicago, for appellant.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, of Chicago, for certain appellees; MATTHEW MILLS and CHAS. O. BUTLER, both of Chicago, of counsel.

HENRY, GRODSKY & PARRY, of Chicago, for certain other appellees; WILLIAM B. HENRY, of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

Alejandra Cruz, an intervening petitioner, is appealing from a judgment in a suit on a contract of insurance issued by the Aetna Life Insurance Company, a corporation, in which the court refused to set aside the judgment entered on March 13, 1936, finding Jesus Bravo of Los Angeles, California, the beneficiary on a certificate issued to Marie Cruz in her lifetime under a group policy issued to Swift Employes Benefit Association by the Aetna Life Insurance Company. Intervening petitioner is the mother of the deceased, Marie Cruz, and was named beneficiary by the said Marie Cruz when the certificate was issued to her. Thereafter, on June 6, 1930, the deceased in her lifetime changed the beneficiary to Jesus Bravo, a cousin.

The pleadings in the proceeding are based upon a suit instituted by Rafael Gallegos, the husband of the deceased, Marie Cruz, on the 14th day of July, 1934, wherein he sued the Aetna Life Insurance Company in the municipal court of Chicago as husband of Marie Cruz, deceased, and also as assignee of the rights and interest of Jesus Bravo of Irapuato, Mexico, the bene-

ficiary named in Certificate No. 101518 issued to Marie Cruz, a member of Swift Employes Benefit Association under a group life insurance policy issued by the said Insurance Company to Swift Employes Benefit Association.

Thereafter, the defendant, Aetna Life Insurance Company, petitioned the court to make Jesus Bravo of Irapuato, Mexico, party defendant, alleging that the said Bravo was making some claim to the avails of said policy.

Thereupon the said Jesus Bravo of Irapuato, Mexico, filed an intervening petition setting up that under Certificate No. 101518 issued to Marie Cruz, an employee of Swift Employes Benefit Association, under Group Policy 3380, Marie Cruz in her lifetime, on the 6th day of June, 1930, changed the beneficiary and named him, Jesus Bravo, as beneficiary, and that the said Marie Cruz departed this life on the 16th day of July, 1932, and that the petitioner was entitled to the avails thereof.

The Aetna Life Insurance Company filed its affidavit of merits admitting that it issued a group insurance policy to Swift & Company Employes Benefit Association No. 3380 under the terms of which the defendant insured the life of Marie Cruz in the sum of $2,000, and that the said insured died on the 16th day of July, 1932, and that Jesus Bravo was beneficiary under said policy.

The insurance company further averred in its affidavit of merits that it had no knowledge as to whether Rafael Gallegos, the plaintiff in the action, was the husband of Marie Cruz, and it had no knowledge as to whether Jesus Bravo, on the 20th day of January, 1934, at Irapuato, Mexico, assigned and transferred his interest in the proceeds of said policy and certificate of insurance to Rafael Gallegos as claimed by the plaintiff; that on the 10th day of April, 1934, the insur-

ance company was served with notice by Jesus Bravo that the said assignment was void and of no legal effect and was obtained from Jesus Bravo through fraud and misrepresentation.

The insurance company further averred in its affidavit of merits that a further claim to the proceeds of the policy and certificate of insurance had been made by one Carlos Wiechers Quijano by virtue of a certain supposed assignment from the said Jesus Bravo and that the said Jesus Bravo and Carlos Wiechers Quijano, on petition of the defendant, had been made additional parties defendant.

The insurance company averred in its affidavit of merits that it was ready, willing and able to pay the proceeds of the policy and certificate of insurance to the party or parties decreed by the honorable court to be entitled to the same.

Thereafter, Carlos Wiechers Quijano, filed an intervening petition setting up the facts about the policy and the certificate of insurance to Marie Cruz, and that the original beneficiary in the policy was Alejandra Cruz, and that on June 6, 1930, Jesus Bravo was named successor beneficiary in place of Alejandra Cruz, and that Marie Cruz departed this life on the 16th day of July, 1932; that on the 10th day of April, 1934, at Irapuato, Mexico, by separate instrument, and for good and valuable consideration, said Jesus Bravo as such beneficiary, assigned and transferred his interest in and to said policy and certificate and all the proceeds thereof to Carlos Wiechers Quijano; that he, the intervening petitioner had served notice of an assignment upon the insurance company, and the intervening petitioner asked that judgment be entered in the sum of $2,000 in his favor; that on the 19th day of November, 1935, Jesus Bravo of Los Angeles, California, filed an intervening petition in said suit setting up the facts of the execution of a group life insurance

policy, No. 3380 and the certificate issued to Marie Cruz in the sum of $2,000. Further, that the original beneficiary was Alejandra Cruz, and that on the 6th day of June, 1930, said Marie Cruz named the said Jesus Bravo, now of Los Angeles, California, successor beneficiary.

Upon a hearing the court found the issues between the plaintiff and the intervening claimants, defendant, in favor of the intervening claimant Jesus Bravo of California and against the Aetna Life Insurance Company, and assessed damages in the sum of $2,000 in favor of Jesus Bravo.

Thereafter Alejandra Cruz, after judgment was entered, asked leave and was allowed to file an intervening petition in which she sets up that she is the only legal beneficiary under the certificate and that the attempted change of beneficiary to Jesus Bravo, a cousin, was invalid.

The court refused to set aside the judgment finding Jesus Bravo of Los Angeles beneficiary under said policy and refused to find Alejandra Cruz the legal beneficiary named in deceased's Certificate No. 101518. It is from this order that the intervening petitioner Alejandra Cruz appeals.

From the facts in evidence it appears that Marie Cruz, in April, 1929, was an employee of Swift & Company and a member of Swift & Company Employes Benefit Association; that Swift & Company Employes Benefit Association held a group life insurance policy with the Aetna Life Insurance Company No. 3380, and said Marie Cruz, as a member of the Employes Benefit Association, on the 22nd day of April, 1929, made application for group life insurance, naming her mother Alejandra Cruz as beneficiary. A certificate was issued to Marie Cruz No. 101518 for the sum of $2,000, and on the 6th day of June, 1930, the said Marie

Cruz purported to change the beneficiary under said policy to Jesus Bravo, a cousin.

From the evidence in the record, Jesus Bravo was not a cousin of Marie Cruz, and she did not have a relative by that name.

Swift & Company Employes Benefit Association was a nonprofit, voluntary association established and carried on for the sole benefit of its members and their beneficiaries and not for profit. There was a trust agreement dated July 1, 1907, entered into by the parties named for the benefit of employees of Swift & Company, which recites in part as follows:

"July 1, 1907

"Whereas, The said parties of the first part are desirous of providing for themselves, and such other persons who shall become beneficiaries under this Deed of Trust, benefits in case of sickness, accident, or death, and for that purpose are desirous of providing for the safekeeping and management of all funds that may be obtained or contributed for said purposes; and ". . .

"Whereas, it is desired by this Deed of Trust to definitely state the terms of this Trust and the plan of providing for such benefits in case of sickness, accident or death;

"Now, Therefore, In consideration of the premises, it is agreed as follows:

"First: The purpose of this Deed of Trust is to provide for the establishment of a voluntary association, which shall be known as Swift & Company Employes Benefit Association, and also to provide for the custody, management and investment of the funds of said Association, and for the payment out of said funds of definite amounts to such persons as contribute thereto, and who shall be known as 'Members of the Benefit Association,' when, under the Rules of the said Association, they are entitled to such payment, by reason of disability, and also in the event of the death

of a member, for the payment of the amounts provided by the Rules of said Association to the person or persons designated by him, or the person legally entitled thereto.''

By the rules of Swift & Company Employes Benefit Association, it is provided: ''1. The object of Swift & Company Employes Benefit Association is the establishment and management of a fund for the payment of definite amounts to such employes as contribute thereto, who shall be known as 'Members of the Benefit Association,' when, under the Rules, they are entitled to such payment by reason of disability, or, in the event of their death, to the relatives or other beneficiaries designated.''

The rules then provide that each employee, in order to become a member must file an application, the form of which is provided for in the rules of the association.

The above deed of trust was amended, and provides as follows: ''The Advisory Committee is authorized and may direct the Manager, for and on behalf of the Association, to enter into agreements with insurance companies for Group Life Insurance for the benefit of such eligible members of the Association as may apply therefor, and subject to such rules and regulations as may be adopted from time to time by the Advisory Committee, provided no liability shall attach to the funds of the Association by reason thereof, except funds received for that purpose and those resulting from transactions under authority of this section.''

On the 27th day of August, 1926, Swift & Company Employes Benefit Association entered into an agreement with the Aetna Life Insurance Company for group insurance of such members of the benefit association as should apply for the same, under group policy No. 3380.

From an exhibit offered and received in evidence on behalf of the defendant Aetna Life Insurance Company, appears the following: ''The Aetna Life Insur-

ance Company (herein called The Company) hereby agrees to pay an amount to be determined in accordance with the insurance schedule shown on the second page of this policy, on due proof of the death of any insured member of Swift & Company Employes Benefit Association, of Chicago, County of Cook and State of Illinois (herein called the Association). . . . This policy is issued for the term of one year from the Twenty-seventh day of August, 1926, in consideration of the application of the Association, which application is hereby made a part of this contract and a copy of which is attached hereto, and in further consideration of the payment on the date hereof of a monthly premium of Nine Thousand One 'Hundred Ninety-two and 72/100ths Dollars, and of the further payment of a monthly premium on the Twenty-seventh day of each succeeding month within said term, based on the amount of insurance then in force and calculated as hereinafter provided.''

The policy is signed by the president and the secretary of the insurance company. It also appears in evidence that corrections and alterations were made in the application for group life insurance, dated July 2, 1926, entitled

"July 2, 1926

''For correction of application of
Swift & Company Employes Benefit
Association Group Policy No. 3380.

''The Aetna Life Insurance Company is hereby requested and authorized to make the following corrections or alterations in an application for Group Life Insurance made by the undersigned employer, dated the 29th day of June, 1926.

''The application shall be changed and amended as follows: (After requesting corrections which are not material to this issue)

"Beneficiary as per Company's form 2202–BB shall be amended to read as follows:

"It is requested that any sum becoming due on account of the death of any individual insured shall be payable to the beneficiary or beneficiaries designated by the insured and filed at the Home Office of the Company (subject to change at any time and as often as desired in accordance with the provisions to be stated in the policy). If any beneficiary so designated predeceases the insured, the interest of such beneficiary shall vest in the surviving beneficiary or beneficiaries, if any, but if no such designated beneficiary or beneficiaries survive the insured, or if no beneficiary has been designated as herein provided, the insurance shall be paid to the relative or relatives by blood or connection by marriage of the insured or to such other person or persons as the Association shall designate as equitably entitled to same." and signed by Swift & Company Employes Benefit Association.

A further rider, Beneficiary Form No. 2202–BB Special, was attached as follows: "It is requested that any sum becoming due on account of the death of any individual insured shall be payable to the beneficiary or beneficiaries designated by the insured in writing and filed with the Company's duly authorized representative at the headquarters of the Association or at the Home Office of the Company (subject to change at any time and as often as desired in accordance with the provision of the policy as amended by this rider). If any beneficiary so designated predeceases the insured, the interest of such beneficiary shall vest in the surviving beneficiary or beneficiaries, if any, but if no such designated beneficiary or beneficiaries survive the insured, or if no beneficiary has been designated as herein provided, the insurance shall be paid to the relative or relatives by blood or connection by marriage of the insured or to such other person

or persons as the Association shall designate as equitably entitled to same.''

The certificate issued to Marie Cruz in her lifetime is substantially as follows: ''The Aetna Life Insurance Co. of Hartford, Connecticut, has insured the lives of certain members of Swift and Company Employes Benefit Association, Chicago, Illinois, by a Group Policy of Insurance, No. 3380, and riders, issued and delivered to the Association. Under and subject to the terms and conditions of said policy and riders, and the application or applications therefor, the life of Marie Cruz—2187 a Member, is insured for the sum of $2,000, Alejandra Cruz—Mother Beneficiary, Signed Aetna Life Insurance Company by A. M. M. Brainard, President. Dated 4/22/29, Certificate No. 101518—Beneficiary changed 6/6/30 to Jesus Bravo—Cousin.''

On the second page of the certificate is the following: ''In the event of the death of any insured member at any time or place, from any cause whatsoever, the amount of insurance then in force upon his life will be paid to his last duly designated beneficiary or beneficiaries. The beneficiary may be changed at any time under and subject to the terms of the policy. If any beneficiary designated predeceases the insured, the interest of such beneficiary shall vest in the surviving beneficiary or beneficiaries, if any, but if no such designated beneficiary or beneficiaries survive the insured, or if no beneficiary or beneficiaries have been designated as provided in said policy, the insurance shall be paid to the relative or relatives by blood or connection by marriage of the insured, or to such other person or persons as the Association shall designate as equitably entitled to same.''

Substantially the above language is used in the rider designated ''Beneficiary Form No. 2202–BB Special,'' attached to the agreement of the insurance company.

The appealing intervening petitioner, Alejandra Cruz, points to the fact that Swift Employes Benefit Association is a corporation and is subject to the provisions of ch. 73, ¶ 488, sec. 1 of Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 66.571 entitled, ''Fraternal Beneficiary Societies,'' wherein it is provided that a fraternal beneficiary society is declared to be a corporation, organized or carried on for the benefit of its members, and shall have a lodge system, with ritualistic form of work and representative form of government, and may make provisions for the payment of benefits in case of disability and death, or of either, resulting from either disease, accident or old age, of its members. In order to provide for the payment of benefits, the statute provided that the payment of death benefits shall only be paid to the families, heirs, blood relations, ascending or descending, wife, husband, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, step-father, step-mother, step-children, step-brother, step-sister, children by legal adoption, parents by legal adoption, affianced wife, or affianced husband of the member, a person or persons upon whom the member is dependent, a person or persons dependent upon the member, or a trustee for the sole benefit of any person or persons within the above classes. Within the above restrictions each member shall have the right to designate his or her beneficiary or beneficiaries, and, from time to time have the same changed in accordance with the laws, rules and regulations of the society, and no beneficiary shall have or obtain any vested interest in the said death benefits until the same has become due and payable upon the death of the member, provided, that any society may, in and by its articles of incorporation, laws or regulations limit the scope of beneficiaries within the above classes. And it is further contended by the petitioner the court has ordered that

payment be made to one Jesus Bravo, who is not related to the deceased member or dependent upon the member.

Our first observation is that the corporation in question was organized without adopting a lodge system or requiring that initiation of its members be in accord with certain ritualistic form of admission. There is nothing, so far as we can determine from the record, which would indicate that Swift & Company Employes Benefit Association was organized to carry on for the benefit of its members, under the statute called to our attention.

This so-called Employes Benefit Association entered into an agreement with the Aetna Life Insurance Company, the defendant in this case, for the issuance of life insurance policies for the benefit of Swift & Company's employees who desired to make application for such insurance. The provisions of the trust agreement of the benefit association and those of the certificate of insurance issued to the deceased member in this case are largely alike, and the language would indicate that the insured had a right to designate a beneficiary or beneficiaries to whom the amount provided for in the certificate of insurance was to be paid upon the death of the member. However, the member in his lifetime had a right to change the beneficiary at any time, subject to the terms of the policy.

As far as we have been able to determine from the rules of the benefit association, as well as from the agreement with the insurance company, there is nothing which would indicate that the benefit association, acting for the benefit of its members, is subject to the provisions of the statute of our State entitled, "Fraternal Beneficiary Societies." The defendant entered into a contract with the benefit association and the parties agreed upon the terms and the amount of insurance to be paid upon the death of the member and to whom. There is no restriction or limitation re-

quiring the beneficiary named to come within a class as to relationship.

We are unable to agree with the defendant intervening petitioner that Swift & Company Employes Benefit Association was a nonprofit corporation, organized for the benefit of the employees and providing for payment of benefits to persons within a restricted class. A voluntary association for the benefit of employees of Swift & Company could enter into a contract providing for the payment of benefits to a person or persons not blood relations of the deceased. We believe we have indicated our reason for this conclusion, and it is our opinion that the court acted clearly and was guided by the trust deed of the benefit association and the contract entered into with the insurance company, the defendant here.

Little has been said upon the subject by any of our courts of last resort, but we are of the opinion that the matter is controlled altogether by the contract between the parties, and as we have already suggested, there is nothing in the contract which would indicate that the holder of a certificate is restricted by any provision in the contract in naming a beneficiary. In other words, we feel that there is no restriction controlling the subject except the provisions of the agreement and the contract, both of which instruments are set out in this opinion. The fact is that the deceased member in her lifetime undoubtedly had a right to change the beneficiary to whom the amount due upon her death should be paid, and the court properly entered the order that the last named beneficiary is entitled to the amount provided for in the contract of insurance, and the judgment entered thereon directing the insurance company to pay the amount to this last named beneficiary, Jesus Bravo, is affirmed.

*Judgment affirmed.*

Denis E. Sullivan and Hall, JJ., concur.